FILED

2013 Feb-22  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **DAVID EARL WATKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:11-CV-2808-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff David Earl Watkins ("Mr. Watkins") brings this action pursuant to 42 U.S.C. § 405(g) (2006), Section 205(g) of the Social Security Act.  He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1]  Mr. Watkins timely pursued and exhausted his administrative remedies available before the Commissioner.  The

---

[1]  In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

case is thus ripe for review under 42 U.S.C. § 405(g).[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Watkins was 26 years old on September 10, 2010, the date of his hearing before the Administrative Law Judge ("ALJ"). (Tr. 110). He has a twelfth-grade education. (Tr. 141). His past work experiences include employment as a machine operator. (Tr. 135-36, 156-57). He claims he became disabled on July 1, 2008, due to lower back injury and arthritis. (Tr. 110, 113). His last period of work ended on the same date. (*Id.*).

On November 24, 2008, Mr. Watkins protectively filed a Title II application for a period of disability and DIB. (Tr. 113). He also protectively filed a Title XVI application for SSI on that date. (Tr. 110). On February 11, 2009, the Commissioner initially denied these claims. (Tr. 15).

Mr. Watkins timely filed a written request for a hearing on March 23, 2009. (*Id.*). The ALJ conducted a video hearing on the matter on September 10, 2010. (*Id.*) On December 3, 2010, he issued his opinion concluding Mr. Watkins was not disabled and denying him benefits. (Tr. 21). Mr. Watkins timely petitioned the Appeals Council ("AC") to review the decision on January 4, 2011. (Tr. 8, 10). On

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

June 9, 2011, the Appeals Council issued a denial of review on his claim.  (Tr. 1-3).

Mr. Watkins filed a Complaint with this court on September 12, 2011, seeking review of the Commissioner's determination. (Doc. 1).  With the parties having fully briefed the matter, the court has carefully considered the record and reverses the decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*  Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

Factual findings that are supported by substantial evidence must be upheld by the court.  However, the ALJ's legal conclusions are reviewed de novo because no

presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be "disabled" as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that results from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

4

diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the Secretary;

(4)     whether the claimant can perform his/her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section) (citation omitted), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477 (citation omitted); *accord Foote v. Chater*, 67 F.3d 1553, 1559

(11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id.*

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Mr. Watkins met the insured status requirements of the Social Security Act through December 31, 2012.  (Tr. 17).  He also found that Mr. Watkins had not engaged in substantial gainful activity since July 1, 2008, the alleged onset date of his disability.  (*Id.*).  He further concluded that Mr. Watkins had the following severe impairments: lumbago and status post fractured left patella.  (*Id.*).  The ALJ held that those medically-determinable impairments were "severe" in combination but that they did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P,  Appendix 1 of the Regulations.  (Tr. 18).

After considering Mr. Watkins's stated symptoms and their congruence with the objective medical evidence, the ALJ found that he had the residual functional capacity ("RFC") to perform a "full range of light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  (*Id.*).  In reaching this determination, he afforded "good weight" to the assessment made by Dr. Zakir Kahn, M.D.  (Tr. 20).  Dr. Khan personally treated Mr. Watkins as part of a "consultative physical examination" on February 9, 2009, and he concluded that Mr. Watkins's ability to lift objects would

only be "intermittently" limited due to pain. (Tr. 19). The ALJ in turn discredited Mr. Watkins's subjective evaluation of the severity of his symptoms and the limitations these symptoms placed on his functioning. (*Id.*). To justify this conclusion, the ALJ pointed to (1) Mr. Watkins's ability to work for several years after the 2003 four-wheeler accident that originally caused his back injury; (2) Dr. Khan's assessment; and (3) Mr. Watkins's false testimony about the details of a later injury he suffered in March 2010. (*Id.*). In the latter case, while Mr. Watkins had testified his injuries had resulted from being a passenger in a vehicle accident, he had actually suffered the injuries from riding a horse while he was intoxicated. (*Id.*). To the ALJ, this deception both undermined Mr. Watkins's veracity and revealed that Mr. Watkins's symptoms and limitations were not as severe as alleged. (*Id.*).

Because the exertional demands of Mr. Watkins's past relevant work as a machine operator exceeded his RFC, the ALJ concluded that he could no longer perform such work. (Tr. 20). The ALJ further found that Mr. Watkins was 24 years old on the alleged disability date, had a limited education, and was able to communicate in English. (*Id.*). Considering Mr. Watkins's age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Mr. Watkins could perform. (*Id.*).

Given these facts, the ALJ found that Medical-Vocational Rule 202.18 directed

him to consider Mr. Watkins "not disabled" under the Social Security Act for the relevant period between July 1, 2008, and the date of the decision. (Tr. 21). He noted that the "transferability of job skills [was] not material to the determination of disability" here because the Medical-Vocational Rules directly supported a finding of "not disabled," regardless of whether Mr. Watkins had transferable job skills. (Tr. 20). The ALJ thus denied Mr. Watkins's applications for DIB and SSI benefits. (Tr. 21).

## ANALYSIS

## I.  INTRODUCTION

The court can reverse a finding of the Commissioner only if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]  However, the court "abstains  from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mr. Watkins urges this court to reverse the Commissioner's decision to deny

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

him benefits on four grounds: (1) the ALJ failed to acknowledge his pain as a severe impairment; (2) the ALJ's application of Medical-Vocational Rule 202.18 was inappropriate; (3) the ALJ's decision was not supported by substantial evidence when the new evidence he submitted to the AC is considered; and (4) the ALJ's RFC determination was both conclusory and violated Social Security Regulation 96-8a. (Doc. 15 at 1). As the court agrees with Mr. Watkins's third objection, it does not address any of the others.

## II.   THE APPEALS COUNCIL INADEQUATELY REVIEWED MR. WATKINS'S NEW EVIDENCE.

After the ALJ's decision, Mr. Watkins submitted new evidence to the AC regarding his disability. As noted, he argues that the Commissioner's decision is not supported by substantial evidence when this new evidence is considered and that the AC denied review without comment on the evidence. (Doc. 12 at 3). The court concludes that the AC insufficiently reviewed the new evidence and thus agrees with Mr. Watkins that the Commissioner's decision is unsupported by substantial evidence.

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The AC has the discretion not to

review the ALJ's denial of benefits.  *See* 20 C.F.R. §§ 404.970(b), 416.1470(b) (2012).  However, the AC must consider evidence that is (1) new (2) material, and (3) chronologically relevant.  *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)).  The new evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted).  It is chronologically relevant if "it relates to the period on or before the date of the [ALJ] hearing decision."  20 C.F.R. § 404.970(b).  If these conditions are satisfied, the AC must then review the case to see whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.*

In reviewing the Commissioner's decision to deny benefits to Mr. Watkins, this court must evaluate any evidence not submitted to the ALJ but instead first considered by the AC. *Ingram*, 496 F.3d at 1257.  The new evidence need not satisfy the requirements for a remand under sentence six of 42 U.S.C. § 405(g). *Id.* at 1262.  That is, Mr. Watkins need not show good cause for his failure to present the evidence to the ALJ.  *See Id.*  Rather, "when a claimant [has] properly present[ed] new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Id.*

On April 21, 2011, Mr. Watkins provided the AC with an Independent Medical

Evaluation ("IME") report written by Dr. Jane Teschner, M.D., based on an examination she performed on him on April 7, 2011.  (Tr. 177-78, 290-301). According to Mr. Watkins, this report "substantiate[s] chronic lower back pain." (Doc. 15 at 5).  Furthermore, it "undermine[s] the decision of the ALJ and the credibility findings of the ALJ."  (Doc. 12 at 3).

The court must first determine whether this evidence is new, material, and chronologically relevant.  *Ingram*, 496 F.3d at 1261.  Dr. Teschner's IME is "new" in that it is not cumulative to any evidence evaluated by the ALJ.  *See Caulder v. Brown*, 791 F.2d 872, 877 (11th Cir. 1986) (holding that "new objective medical evidence" presented first to the AC was not cumulative to the evidence proffered to the ALJ that concerned the same underlying ailment).  Indeed, the primary evidence the ALJ considered in assessing Mr. Watkins's RFC was the consultative examination performed by Dr. Khan.[5]  Dr. Teschner's IME differs from Dr. Khan's evaluation in its articulation of Mr. Watkins's physical condition and the limitations it places on his functional capabilities.  It thus can be considered non-cumulative.

Whether the IME is "material" and "chronologically relevant" is an intertwined

---

[5]In addition to Dr. Khan, Dr. Robert Heilpern, M.D., reviewed the evidence on behalf of the State Agency.  (Tr. 20).  However, the ALJ afforded "minimal weight" to Dr. Heilpern's opinion because "additional medical evidence submitted after the hearing indicate[d] the claimant had greater limitations than those originally revealed."  *Id.*

question.  The report describes an event that occurred (i.e. a treatment administered) after December 3, 2010 – the date of the ALJ determination.  But that does not necessarily make it chronologically irrelevant.  *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983) ("[A] treating physician's opinion is still entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date.") (citations omitted), *superseded on other grounds by* 42 U.S.C. § 423(d)(5).  Rather, the IME occurred approximately four months after the ALJ decision, and it was performed personally by a treating medical doctor.  Importantly, it describes physical symptoms manifested by Mr. Watkins that, due to their nature and severity, could bear on his condition during the relevant period between July 1, 2008, and December 3, 2010.  Dr. Teschner diagnosed Mr. Watkins with chronic lumbar spine pain and lumbar radiculopathy to his left lower extremity.  (Tr. 295-96).  Although she thought more diagnostic testing was needed, she opined that Mr. Watkins could only sit for two hours, stand for one hour, and walk for one hour within a given eight-hour day.  (Tr. 296, 298).  She further concluded that "since it has not seemed to improve since 2003 [,] it will probably not get much better."  (Tr. 299).  This assessment differs markedly with the "intermittent" lower back pain diagnosed by Dr. Khan and the moderate limitations he thought it placed on Mr. Watkins's functional capacity.  (Tr. 238).  In other words, there is a "reasonable

12

possibility" that Dr. Teschner's IME, if credited, would persuade the ALJ in this case to reverse its decision. *Hyde*, 823 F.2d at 459.

The AC here agreed with this conclusion, insofar as it decided to consider Mr. Watkins's new evidence. (Tr. 1). However, the AC did not adequately review the evidence. When a claimant properly presents new evidence, and the AC denies review, the AC must show in its written denial that it has adequately evaluated the new evidence. *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).[6] If the AC merely "perfunctorily adhere[s]" to the ALJ's decision, the Commissioner's findings are, by definition, unsupported by substantial evidence. *Id.* ("*This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence . . .*") (emphasis added). In such cases, the court *must* remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record." *Id.* (citation omitted); *accord Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984) (holding that AC perfunctorily adhered to the ALJ's decision and that it had previously "been unable to hold the Secretary's findings were supported by substantial evidence under circumstances such as these") (citing *Epps*, 624 F.2d at 1273); *Ingram*, 496 F.3d at 1263 (quoting *Bowen* to the same effect).

In this case, the AC plainly failed to review Mr. Watkins's new evidence

---

[6]This decision is binding precedent on this court. *See* Note 4, *supra*.

13

adequately.  It described its treatment of his evidence in the following way:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.  We found this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 1-2).   This review is purely conclusory, and it epitomizes "perfunctory adherence" to the ALJ decision.  It claims to have considered the new evidence, but it offers no material basis for affirming the decision.   *Epps* and its progeny thus dictate remanding the case. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (unpublished) (holding, under *Epps*, that AC inadequately evaluated new evidence presented by claimant); *but see Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (unpublished) (holding that *Ingram* removes requirement that AC provide a thorough explanation of its denial of review).[7]

In this case, the court is bound by the clear holding of *Epps*, *Bowen*, and *Ingram*, which has not been overruled, abrogated, or otherwise undermined by any

---

[7]In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority.  11th Cir. R. 36-2.  Indeed, under the well-established "prior panel precedent rule" of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, and it binds all subsequent panels unless and until the first panel's holding is overruled by the court sitting en banc or by the Supreme Court.  *E.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991)).

published decision issued by the Eleventh Circuit.[8,9]   For this reason, the court must reverse and remand the decision to the Commissioner "for a determination of [the claimant's] disability eligibility reached on the total record."  *Epps*, 624 F.2d at 1273.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence.  Accordingly, the decision of the Commission will be reversed and remanded by separate order.

---

[8]This decision accords with that reached very recently by a court in the Middle District of Florida. *Freudenvoll v. Comm'r of Soc. Sec.*, No. 6:12-cv-467-Orl-22GJK, 2013 WL 388683 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted by* 2013 WL 394012 (M.D. Fla. Jan. 31, 2013).  In *Freudenvoll*, the court detailed the judicial and administrative background behind the dispute over the scope of review demanded of the Appeal Council when claimants properly submit new evidence before it. *Id.* at *9-12.  As it notes, in 1995, the Commissioner issued a memorandum "temporarily suspending the requirements for a detailed discussion of additional evidence [by the Appeals Council] and for specific response to contentions in denial notices." *Id.* at *10 (citing HALLEX § 1-3-5-90, 2001 WL 34096367).  This "temporary" suspension is still in effect. *Id.*  However, the undersigned agrees with the *Freudenvoll* court that district courts in the Eleventh Circuit are still bound by the precedent announced in *Epps* and reiterated in *Bowen* and *Ingram*. *Id.* at *11-12.

[9]Although the Commissioner does not make this argument here, the 1995 amendment to the Hearings, Appeals, and Litigation Law Manual ("Manual") cited in the last footnote does not "carry the force and effect of law." *Freudenvoll*, 2013 WL 388683, at *11 n.18 (citing *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (holding that the Manual "is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members [and] it does not prescribe substantive rules and therefore does not carry the force and effect of law.")).  It thus could not have superseded the binding precedent issued in *Epps*. *Id.*  Moreover, as the *Freudenvoll* court noted, the 1995 memorandum did not strictly permit perfunctory adherence to the ALJ's decision without *any* discussion of the new evidence whatsoever. *Id.*  It merely released the Appeals Council from having to review the evidence in detail. *Id.*

**DONE** and **ORDERED** this 22nd day of February, 2013

**VIRGINIA EMERSON HOPKINS**
United States District Judge